1

2

3

4

5

6                          IN THE UNITED STATES DISTRICT COURT

7                                FOR THE DISTRICT OF ARIZONA

8

9    Maurice Williams,                    )    No. CIV 05-3877-PHX-EHC (DKD)
                                          )
10                  Petitioner,           )    **REPORT AND RECOMMENDATION**
                                          )
11   vs.                                  )
                                          )
12   Dora B. Schriro; Arizona Attorney    )
     General,                             )
13                                        )
                    Respondents           )
14                                        )
     _____ )

15

16   TO THE HONORABLE EARL H. CARROLL, UNITED STATES DISTRICT JUDGE:

17          Maurice Williams filed a timely, fully exhausted petition for writ of habeas corpus on

18   December 1, 2005, challenging his convictions for 13 drug-related crimes committed over

19   the course of four years, and the imposition of concurrent sentences, the longest being 8

20   years, followed by a two-year probationary period.  In his first ground for habeas relief he

21   contends that the trial court violated his Sixth Amendment right to confrontation by admitting

22   a trial exhibit consisting of two charts created by the case agent summarizing the number of

23   calls between two telephones registered to and/or used by Williams and his co-defendants.

24   In his second ground, he argues that the trial court erroneously denied Williams' motion to

25   suppress the fruits of the search of his residence.  In his third ground, he contends that the

26   trial court's imposition of aggravated terms violated the rule announced in *Blakely v.*

27

28

1   *Washington.*[1]  The Court recommends that Williams' petition be denied and dismissed with

2   prejudice.

3   **FACTS**

4         Williams was charged with twelve other individuals in a sixty-eight count indictment

5   for the following offenses:  illegally conducting an enterprise; conspiracy; possession of

6   marijuana for sale; transportation for sale, sale, or transfer of marijuana; misconduct

7   involving weapons; child abuse; and use of wire communication in a drug-related transaction.

8   The charged offenses originated from an alleged conspiracy to supply large quantities of

9   marijuana to individuals in several states, including Arizona.  Nine of the thirteen defendants

10   entered into plea agreements; the four remaining defendants were tried together.  Several of

11   the defendants who pleaded guilty testified at trial on behalf of the state.  Following a

12   twenty-day jury trial, Williams was convicted of illegally conducting an enterprise,

13   conspiracy, possession of marijuana for sale, and transportation for sale, sale, or transfer of

14   marijuana.

15   **DISCUSSION**

16         In his first ground, Williams argues, as he did on direct review, that the trial court

17   erred when it admitted charts summarizing 1,600 telephone calls between certain telephone

18   and pager numbers made during a three-month period.  The charts listed the telephone and

19   pager numbers, the number of calls between each pair of numbers, the date or general time

20   frame of the call, and the persons who subscribed to/and or used the listed numbers.

21   Following a very thorough discussion of the issue, the court of appeals found no reversible

22   error in the trial court's admission of the charts pursuant to Rule 1006 of the Arizona Rules

23   of Evidence.

24         Rule 1006 provides that the contents of voluminous documents which cannot

25   conveniently be examined in court may be presented in the form of a chart or summary.  *See*

26

27         [1]542 U.S. 296 (2004).

28   - 2 -

1    Ariz. R. Evid. 1006.  Although the rule allows it, Williams did not "seek production of the

2    documents in court or otherwise seek their admission," (Doc. #11, Exh JJ at 4) and conceded

3    that he had notice of the records' existence, what  the records were, that he waited until the

4    middle of trial to request a review of the records, and that he knew a summary would be

5    offered into evidence (*Id.* at 5).  The agent who prepared the charts testified at length

6    concerning their preparation, including how he obtained the documents and compiled the

7    information from the documents, and how the charts were prepared at his direction based on

8    those documents as well as other information (*Id.* at 5-6).

9         The primary issue on appeal was Williams' assertion that there was information

10   contained in the summarized documents that was not independently admissible as required

11   by Rule 1006.  The court of appeals concluded that there was nothing in the record to support

12   this claim.  The court of appeals pointed out that independent evidence at trial from another

13   witness established that the phone number involved in 140 of the 167 calls pertaining to

14   Williams was a number used by him.  In addition, the documents were available to Williams

15   for his inspection, and the agent was subject to cross-examination regarding the documents

16   and the charts and any alleged oral communications that became part of the summary.  In

17   light of the overwhelming evidence of Williams' guilt, and the fact that the charts were

18   cumulative to the testimony establishing telephone contact with Williams and other members

19   of the conspiracy, the court of appeals found no prejudice in the admission of the charts (*Id.*

20   at 6-10).[2]

21        Finally, the court of appeals addressed the *Crawford*[3] issue.  Williams contends that

22   the charts contained "testimonial" evidence from non-testifying witnesses and that the charts

23   were inadmissible unless those witnesses were shown to be unavailable and that he had a

24

25   _____

     [2]The Court recognizes that Williams is not entitled to habeas relief based upon state-
26   law evidentiary rulings. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).  This procedural
     history is noted to explain the context in which Williams' constitutional argument is made.

27        [3]*Crawford v. Washington*, 541 U.S. 36 (2004).

28

1  prior opportunity to cross-examine those witnesses (*Id.* at 10-11). The court of appeals found

2  no error as a result of Williams' failure to point to any portion of the record to support his

3  assertion, and further cited the Supreme Court's language in *Crawford* that most of the

4  hearsay exceptions, including the business records or statements in furtherance of a

5  conspiracy exceptions, "covered statements that were *by their nature not testimonial*" (*Id.*)

6  (emphasis added) (quoting *Crawford*, 541 U.S. at 56).   This is not contrary to or an

7  unreasonable application of *Crawford*.

8         In his second ground, Williams argues that the trial court erred in denying his motion

9  to suppress the fruits of the search of his residence.  Williams was arrested pursuant to a

10 warrant in the front hallway inside the house (*Id.* at 22).  He told officers that there were

11 other people inside; the arresting officers then conducted a protective sweep of the residence

12 (*Id.* at 23-24).  During the protective sweep, they observed several weapons, marijuana, and

13 drug paraphernalia (*Id.*).  They also found a woman and infant upstairs.  All items observed

14 were either in plain view during the course of the protective sweep or were discovered as a

15 result of searches consented to by other occupants.  Once the residence was secured, all

16 weapons found were placed on a table in a central location in the residence.  All drugs and

17 paraphernalia observed were left in place, pending a search warrant (*Id.*).

18        Following an evidentiary hearing on Williams' motion to suppress at which several

19 witnesses testified, the trial court found the protective sweep was proper under the

20 circumstances; that the weapons, found in plain view, were properly taken to a central

21 location for safety; and that because the weapons and drugs were found in plain view,

22 "ample" probable cause existed for a search warrant, and thus the weapons would have been

23 inevitably discovered (*Id.* at 25).  The court of appeals affirmed the trial court's ruling,

24 reasoning that because Williams was arrested inside the residence, under the circumstances

25 "the arresting officers could conduct a protective sweep of the entire residence for the limited

26 purpose of determining whether anyone who may pose a danger to the officers or others may

27 be hiding inside" (*Id.* at 26).  Because the state court provided an opportunity "for full and

28

1    fair litigation" of Williams' Fourth Amendment claim, with an evidentiary hearing in the trial

2    court, and a thorough review of the ruling on appeal, Williams is not entitled to habeas relief

3    on the ground that evidence was admitted at his trial pursuant to an unconstitutional search

4    and seizure.  *See Stone v. Powell*, 428 U.S. 465, 494-95 (1976).

5          In his third ground, Williams reiterates his argument made in his appeal that his

6    sentence was aggravated in violation of *Blakely*.  The court of appeals ordered supplemental

7    briefing on the issue and concluded that *Blakely* applied, and that the trial court had not

8    violated *Blakely* in imposing an aggravated sentence.  Specifically, the court of appeals

9    concluded that "[b]ecause the aggravating circumstances of pecuniary gain and the presence

10   of accomplices were included in the jury's verdict, the judge committed no *Blakely* error

11   when aggravating defendant's sentences" (Doc. #11, Exh JJ at 44).  The Court finds this is

12   not contrary to or an unreasonable application of *Blakely*.

13         As the court of appeals reasoned, the "maximum sentence" for purposes of *Blakely*

14   must be based "*solely on the basis of the facts reflected* in *the jury verdict or admitted by the*

15   *defendant*" (*Id*. at 41, quoting *Blakely*) (emphasis in original).  In Arizona, an aggravated

16   term may only be imposed when there has been a finding of at least one statutory aggravating

17   circumstance pursuant to A.R.S. § 13-702 (*Id*. at 42).  The court of appeals correctly

18   concluded that two of the statutory aggravating factors cited by the trial court were implicit

19   in the jury's verdict:  the jury had to find that Williams engaged in criminal conduct for

20   pecuniary gain and did so with accomplices in order to return guilty verdicts for

21   transportation of marijuana for sale and illegally conducting an enterprise.[4]

22

23         [4]Respondents correctly note that because the court of appeals decided Williams'

24   appeal prior to the Arizona Supreme Court's decision in *State v. Martinez*, 210 Ariz. 578,
     585-86 (2005), the court of appeals unnecessarily found *both* aggravating circumstances
25   *Blakely*-compliant.  As the supreme court later held in *Martinez*: "once a jury finds or a
     defendant admits *a single* aggravating factor, the Sixth Amendment permits the sentencing
26   judge to find and consider additional factors relevant to the imposition of a sentence up to
27   the maximum prescribed in that statute." *Id.* (emphasis added).  However, assuming that

28

1    Finally, Williams argues in his notice of supplemental authority that the Supreme

2    Court's decision in *Cunningham v. California*, ___ U.S. ___, 127 S.Ct. 856 (2007) "should

3    lay this matter to rest in favor of the Petitioner" (Doc. #13 at 2).  The Court disagrees.  The

4    decision in *Cunningham* in fact reaffirms Arizona's current sentencing statutes, amended in

5    response to *Blakely*, as consistent with the Sixth Amendment.  *See Id.* at 871, n. 17.

6    **IT IS THEREFORE RECOMMENDED** that Maurice Williams' petition for writ

7    of habeas corpus be **DENIED** and **DISMISSED WITH PREJUDICE** (Doc. #1).

8    This recommendation is not an order that is immediately appealable to the Ninth

9    Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of

10   Appellate Procedure, should not be filed until entry of the district court's judgment.  The

11   parties shall have ten days from the date of service of a copy of this recommendation within

12   which to file specific written objections with the Court.  *See,* 28 U.S.C. § 636(b)(1); Rules

13   72, 6(a), 6(e), Federal Rules of Civil Procedure.  Thereafter, the parties have ten days within

14   which to file a response to the objections.  Failure timely to file objections to the Magistrate

15   Judge's Report and Recommendation may result in the acceptance of the Report and

16   Recommendation by the district court without further review.  *See United States v. Reyna-*

17   *Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).  Failure timely to file objections to any factual

18   determinations of the Magistrate Judge will be considered a waiver of a party's right to

19   appellate review of the findings of fact in an order or judgment entered pursuant to the

20   Magistrate Judge's recommendation.  *See* Rule 72, Federal Rules of Civil Procedure.

21   DATED this 15th day of January, 2008.

22

23
    _____
24   David K. Duncan
    United States Magistrate Judge

25   ───────────────────

26   *Martinez* had been decided while Williams' appeal was pending before the court of appeals,
    and that the court of appeals had applied *Martinez* to Williams' case, it would have been
27   neither contrary to, nor an unreasonable application of *Blakely*.

28
    - 6 -