HJ

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Maurice Williams, | ) | No. CV 05-3877-PHX-EHC |
| | ) | |
| Petitioner, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| Dora B. Schriro, et al., | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

    Petitioner filed a Petition for Writ of Habeas Corpus (Dkt. 1) pursuant to 28 U.S.C. § 2254 raising three grounds for relief.  First, Petitioner contends that the trial court violated his Sixth Amendment right to confrontation by admitting a trial exhibit consisting of two charts created by the case agent summarizing the number of calls between two telephones registered to and/or used by Williams and his co-defendants. Second, Petitioner contends that the trial court erred in denying his motion to suppress the fruits of the search of his residence.  Third, Petitioner contends that the trial court's imposition of aggravated terms violated Blakely v. Washington, 542 U.S. 296 (2004). Magistrate Judge Duncan issued a Report and Recommendation (Dkt. 19) recommending that Petitioner's writ be denied in its entirety.  Petitioner filed an Objection (Dkt. 20) as to his third ground.

    The Court reviews *de novo* the portions of the Magistrate Judge's Report and Recommendation to which Petitioner has filed an objection.  28 U.S.C. § 636(b)(1)(C)("a

1  judge of the court shall make a de novo determination of those portions of the report, ...,
2  to which objection is made."); see also United States v. Reyna-Tapia, 328 F.3d 1114,
3  1121 (9th Cir. 2003).  The district court is not required to review any issue that is not the
4  subject of an objection.  Schmidt v. Johnstone, 263 F. Supp. 2d 1219 (D. Ariz. 2003),
5  citing Thomas v. Arn, 474 U.S. 140, 149 (1985).  Thus, the Court has reviewed *de novo*
6  the record in this matter pertaining to Petitioner's third ground for relief.

7      Petitioner argues in his objections that State v. Germain, 150 Ariz. 287 (App.
8  1986) requires the Court to grant his *writ of habeas corpus* and remand his case for re-
9  sentencing because his sentence was aggravated based on factors that were themselves
10 elements of the underlying offenses.  The court in Germain, however, was faced with a
11 distinguishable situation where there was no legislative intent in the sentencing statute to
12 provide enhanced punishment for reckless conduct during the commission of reckless
13 manslaughter.  In the current case, the aggravating factors used by the sentencing judge
14 were part of the statutory sentencing scheme of A.R.S. 13-702, and thus, there was a
15 legislative intent to allow the imposition of more severe punishments where these
16 elements were found by the trier of fact.

17     Regardless, the issue before the Court is a constitutional one.  Germain was
18 decided in 1986, well before Apprendi[1] and Blakely and did not involve Sixth
19 Amendment issues.  In Blakely, the Supreme Court held that "the 'statutory maximum'
20 for Apprendi purposes is the maximum sentence a judge may impose *solely on the basis*
21 *of facts reflected in the jury verdict or admitted by the defendant*.'" Blakely, 542 U.S. at
22 303 (emphasis in original).  Under the Arizona's statutory sentencing scheme, A.R.S.
23 §13-702, the two aggravating factors at issue – pecuniary again and the presence of
24 accomplices – were implicit in the jury's verdict.  The jury had to find that Petitioner
25 engaged in criminal conduct for pecuniary gain and did so with accomplices in order to

---

[1] Apprendi v. New Jersey, 530 U.S. 466 (2000).

- 2 -

1  return guilty verdicts for transportation of marijuana for sale and illegally conducting an
2  enterprise.  The Court agrees with Magistrate Judge Duncan that Petitioner's Sixth
3  Amendment rights were not violated because the aggravating factors considered by the
4  sentencing judge were reflected in they jury's verdict.  <u>Blakely</u>, 542 U.S. at 303.
5     Accordingly,
6     **IT IS ORDERED** adopting in full the Magistrate Judge's Report and
7  Recommendation (Dkt. 19).
8     **IT IS FURTHER ORDERED** that Petitioner's Writ of Habeas Corpus pursuant
9  to 28 U.S.C. § 2254 (Dkt. 1) is **DENIED** and **DISMISSED WITH PREJUDICE**.
10    DATED this 3rd day of June, 2008.

_____
Earl H. Carroll
United States District Judge